# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CR406-375-05 |
| | ) | |
| ANDREW EDWARDS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

In 2007, Andrew Edwards pleaded guilty to conspiracy to commit bank robberies and brandishing a firearm during the commission of a bank robbery. Doc. 133 at 1. His sentence included five years of supervised release, which Edwards began on August 4, 2017. *Id.* at 3; *see also* doc. 155 at 1. On May 5, 2021, the United States Probation Office moved to revoke Edwards's supervised release. Doc. 155. An arrest warrant issued that day. Doc. 157. But the warrant was not executed until November 8, 2023, two years later and more than a year after Edwards's term of supervised release expired. Doc. 165; *see* doc. 155 at 1, 3.

At Edwards's initial appearance before this Court, the Government advised the Court that the Court may lack jurisdiction over the

revocation proceedings. Doc. 167 (Minute Entry). Edwards agreed. *Id.* In particular, the Government suggested that this case was substantially similar to *United States v. Moore*, CR414-303 (S.D. Ga. Aug. 5, 2014), wherein this Court held that it lacked jurisdiction over the defendant's revocation proceedings because the defendant was no longer subject to supervised release, the government had delayed executing an arrest warrant for supervised release violations for over two years, and that delay was not reasonably necessary. CR414-303, docs. 45 (S.D. Ga. Dec. 20, 2022) (Report and Recommendation) & 47 (S.D. Ga. Feb. 2, 2023) (Order adopting Report and Recommendation). The Government conceded that in this case it could not justify its two-year delay in executing Edwards's arrest warrant as reasonably necessary. The Court advised that it would enter a Report and Recommendation recommending dismissal of the Motion on Revocation of Supervised Release, doc. 155, due to lack of jurisdiction. *See* doc. 167 at 1.

"The power of the court to revoke a term of supervised release for violation of a condition of supervised release . . . extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if,

before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation." 18 U.S.C. § 3583(i). "Section [] 3583(i) is noteworthy . . . insofar as it does *not* merely set a deadline–it expressly authorizes a grant of 'power' to the district court and conditions the existence of that power on a specific and minimally onerous event. [Cit.] The plain language of the statute, then, compels the conclusion that the deadline is jurisdictional." *United States v. Merlino*, 785 F.3d 79, 84 (3d Cir. 2015) (citations omitted); *see also id.* at 93 (Ambro, J., concurring) ("Myriad lower courts have referred to § 3583(i) . . . as implicating jurisdiction, and none of them to my knowledge have questioned that proposition."). The Eleventh Circuit has similarly recognized the Section's jurisdictional character. *See United States v. White*, 556 F. App'x 804, 808, 808 n.1 (11th Cir. 2014) (noting that "[w]hether the district court *had subject matter jurisdiction pursuant to 18 U.S.C. § 3583(i) . . .*" was not waived by the defendant's failure to raise the issue in the district court (emphasis added)). This Court has an obligation to examine its jurisdiction, whether challenged by a party or *sua sponte. See, e.g., United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th

3

Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). Here, both parties suggest the Court lacks jurisdiction because the delay in pursuing Edwards for a violation of his supervised release was not reasonably necessary under 18 U.S.C. § 3583(i).  *See* doc. 167.

This Court has previously held that a two-year delay between a warrant's issuance and its execution without justification or explanation as to why the delay was "reasonably necessary," 18 U.S.C. § 3583(i), deprives the Court of jurisdiction over revocation proceedings for a defendant whose term of supervised release has ended. *Moore*, CR414-303, doc. 45 at 3-8 *adopted by* doc. 47. Other courts agree. *See e.g., United States v. Dworkin,* 70 F. Supp. 2d 214 (E.D.N.Y. 1999).[1]  Here, as in *Moore*, the United States delayed pursuing the supervised release

---

[1] Although *Dworkin* is squarely analogous to the instant facts, there is a superficial distinction.  *Dworkin* considered a challenge to the court's jurisdiction over a probation revocation proceeding, pursuant to 18 U.S.C. § 3565(c).  *See* 70 F. Supp. 2d at 216.  Despite the different statutory basis, "[t]he language of § 3565(c) tracks the language of § 3583(i) almost *verbatim*, with the exception that 'probation' is used in place of 'supervised release.'" *United States v. Dumas*, 217 F. Supp. 3d 1310, 1312 (N.D. Ala. 2016).  *Dumas* also acknowledged "that the Eleventh Circuit treats supervised release revocations and probation revocations the same." *Id.* at 1311-13 (citing *United States v. Frazier*, 26 F.3d 110, 113 (11th Cir. 1994); *United States v. Lee*, 477 F. App'x 539, 540 (11th Cir. 2010)).  The Court, therefore, does not consider the facial distinction between the statutes at issue in *Dworkin* and this case a meaningful one.  *See United States v. Garrett*, 253 F.3d 443, 448-49 (9th Cir. 2001) (discussing *Dworkin* in consideration of a challenge pursuant to § 3583(i)).

4

violation allegations against Edwards for over two years. Docs. 157 & 165. Edwards had not been subject to government supervision for over a year when agents finally executed the arrest warrant. *See generally* doc. 155. At Edwards's initial appearance, the government offered no explanation for its delay and conceded that it could not say the delay was reasonably necessary. Doc. 167.

Because "there was no, let alone a 'reasonable,' necessity to delay the revocation proceeding . . . [§ 3583] stripped this court of its power to revoke [supervised release] and impose another sentence." *Dworkin*, 70 F. Supp. 2d at 217. Accordingly, the Motion on Revocation of Supervised Release, doc. 155, should be **DISMISSED** for lack of jurisdiction.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 16th day of November, 2023.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA